UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE:                                               )         File No.
    THOMAS JOSEPH ROBERTS          )
                                                     )         Chapter 13
                                                     )
                      **Debtor**         )         Judge

### Original Chapter 13 Plan

EXTENSION ☐                                          COMPOSITION ☒

**This Plan contains non-standard language. You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of        $180.00        per month to Trustee by ☐ Payroll Deduction(s) or by ☐ Direct Payment(s) for the applicable commitment period of __36__ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time.  The term of this Plan shall not exceed sixty (60) months.  *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).  Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:

    ☐ If checked, Plan payments will increase by $_____ on _____
    upon completion or termination of _____.

3. **Claims Generally.  The amounts listed in this Plan are based upon Debtor's best estimate and belief.**  An allowed proof of claim will be controlling, unless the Court orders otherwise.  Objections to claims may be filed before or after confirmation.  **To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim.  Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 and 3002.**

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of it's claim.

    (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

    (B). **Debtor's Attorney's Fees.** (1) Debtor and Debtor's Attorney have agreed to a base attorney fee in the amount of $3,800.00. for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $0.00 was paid prior to the filing of the case. The balance of $3,800.00 will be paid as follows: (1) All funds on hand at the Chapter 13 Trustee's office, after the payment of adequate protection payments and administrative fees, to be paid at the initial disbursement following confirmation of the plan. The remaining balance of the fees shall be paid up to ___ $120.00___ on a monthly basis until the fee is paid in full. (2) If no plan is confirmed and the case is dismissed or converted to another chapter, unless otherwise ordered, the Trustee is authorized to disburse to Debtor's attorney up to $3,800.00 **less any fees previously received**, after payment of any unpaid filing fees, Trustee's fees and expenses, and, if applicable, adequate protection payments. Debtor's attorney's fees shall be paid form such funds as are available from the proceeds paid into the office of the Chapter 13 Trustee by the Debtor, or on the debtor's behalf.

    (2) Debtor and Debtor's Attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are preformed on an as-needed basis. These "non-base services", and the agreed fees are identified in the Rule 2016(b) disclosure statement filed in this case. Upon completion of a "non-base service", Debtor's attorney may file an application with the Court, serving all parties-in -interest with notice of the application and providing an opportunity to be heard on the matter. If the application is approved by the Court, then the approved fee shall be added to the balance of the unpaid fee in this case and paid in accordance with paragraph 4(B)(1) above. If the base fee has been paid in full, then the fee shall be paid up to ___ $120.00___ per month, and the distribution to creditors shall be reduced, *pro rata,* by that amount until the additional fee is paid in full.

5. **Priority Claims.**

    (A). **Domestic Support Obligations.**

    ☒ None. If none, skip to Plan paragraph 5(B).

    (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

    (ii). The name(s) and addresses(es) of the holder of any domestic support obligation are as follows: *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

    (iii). Anticipated Domestic Support Obligation Arrearage Claims

        (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

    "None" if blank

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly<br>arrearage payment |
|---|---|---|

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

"None" if blank

Claimant and proposed treatment:

(B). **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated Claim |
|---|---|

6. **Secured Claims**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i)(a). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment. **To receive adequate protection payments from the trustee, as provided for by the Code, the Secured creditor must file a proof of claim.**

   Debtor shall make the following adequate protection payments, (if any).

   ☐ directly to the creditor; or

   ☒ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection<br>payment amount |
|---|---|---|
| Roswell Auto Brokers, Inc. | 2005 Isuzu Ascender | $50.00 |

   (ii).**Post confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). Upon confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the aforementioned equal monthly payments, in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

"None" if blank

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Claim amount | (e) Interest rate | (f) Monthly Payment |
|---|---|---|---|---|---|
| Roswell Auto Brokers, Inc. | 2005 Isuzu Ascender | October 2012 | $5,000.00 | 4.25 | $50.00 step to $168.00 on March 2017 |

(b). **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). Upon confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the aforementioned equal monthly payments in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

"None" if blank

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement value | (e) Interest rate | (f) Monthly Payment |
|---|---|---|---|---|---|

(c). **Claims Secured by Property Which is Subject to Lien Avoidance.**

The allowed secured claim of each creditor listed in Paragraph 6(c) above shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

| (a) Creditor | (b) Collateral | (c) Claim Amount | (d) Replacement value |
|---|---|---|---|

(iii). **Other provisions**.
    (a) If a claim is listed in the plan as secured and the Creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.
    (b) With respect to the holder of each allowed secured claim provided for in this plan for which the security interest is in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, after notice to the holder and attorney for the holder, shall release the underlying lien pursuant to non-bankruptcy law upon the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law; or (b) the discharge under section 1328. The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this section after the entry of the Discharge Order and after the closing of this case. The Debtor(s) specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**.
    It is the specific intent of this Plan to cure pre-petition arrearages, if any, make regular monthly payments on the mortgage(s) and approved fees and costs during the Plan term, and be current on their mortgage upon completion of the Plan. This goal is a material part of this Plan. In order to achieve this goal, Debtor provides as follows: Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. Each Mortgage Creditor shall not be deemed to be in violation of the stay by sending Debtor regular monthly statements as to the aforementioned post-petition mortgage payments. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property Description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $17,595.10. After all other classes have been paid, the Trustee will pay to the

creditors with allowed general unsecured claims a pro rata share of $0.00, or   0   %, whichever is greater.  The Trustee is authorized to increase this dollar amount or percentage, if necessary in order to comply with the applicable commitment period stated in paragraph 2 of this plan.

8. **Executory Contracts and Unexpired Leases**.  The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors.  All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

"None" if blank

| (a) Creditor | (b) Nature of lease of executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|   |   |   |   |

    OTHER -

9.  **Property of the Estate**.  Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.  **Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.**

10. **Other Provisions**:

    (A). **Special classes of unsecured claims**.

    (B). **Other direct payments to creditors**. - None

    (C)  **Other - NOTICE TO CREDITORS - The Debtor(s), by filing this chapter 13 case do(es) not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims, subject to any defenses, that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violation, Truth in Lending violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by**

Page 6

**the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court. This provision is not intended to effect the legal rights of either party.**

**(D)   Any creditors which are to be paid directly under this plan are authorized and encouraged to send monthly billing statements to the Debtor(s) at the mailing address on record with the Bankruptcy Court in this case.**

**(E)  <u>Other allowed secured claims:</u>** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with   _0_ % interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(a), above) and general unsecured claims.  Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

(F) Unless the Court orders otherwise, a "Notice of Post-Petition Mortgage Fees, Expenses, and Charges" filed pursuant to Rule 3002.1(c) F.R.Bankr. P., or a statement which is filed pursuant to 3002.1(g) F.R.Bankr. P. and set out unpaid amounts, shall not be funded through the office of the Chapter 13 Trustee

Date:  July 28, 2014

/s/
Thomas Joseph Roberts, Debtor

/s/
Robert S. Toomey
Georgia Bar No. 714660

/s/
, Debtor

Page 7